UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLIOT HOWARD GOURVITZ, | Civil Action Number: 2:09-4455 |
| Appellant, | (Appeal of Bankr No. 2:05-25394) |
| v. | OPINION |
| DANIEL J. YABLONSKY, *et al.*, | HON. WILLIAM J. MARTINI |
| Appellees. | |

## OPINION

In filing his appeal of the Bankruptcy Court's order, (Doc. No. 1), Appellant failed to designate the record in a timely manner. Following standard practices, the District Court clerk's office attached to Appellant's electronic filing a proposed order dismissing the appeal. (Doc. No. 1-4.) After the time for designating the record had passed, Appellant made an out-of-time electronic submission designating the record, (Doc. No. 2), to which Appellee subsequently responded. (Doc. No. 3.)

*Rule 41 and this Court's Inherent Authority.* Following designation of the record, Appellant took no action on this matter for an inordinate amount of time. In order to move this action forward, a briefing schedule was set directing Appellant to file his opening brief by January 18, 2010. (CM/ECF entry 12/02/2009.) It is now some 10 days past the

submission deadline, yet no brief has been filed. This matter should be dismissed for failure to prosecute and for failure to conform to the briefing schedule. *Id.*; *see generally* Fed. R. Civ. P. 41(b) (prescribing dismissal for failure to prosecute). Rule 41 aside, on these facts, this Court has inherent authority to dismiss this action. The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a party.

> As was said in *Link v. Wabash R.R.*, where the plaintiff argued that F.R.C.P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

*Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir.1967) (quoting *Link v. Wabash R.R.. Co.*, 370 U.S. 626, 630-31 (1962)).

*Dismissal under* Poulis v. State Farm Fire & Cas. Co. Admittedly, dismissal as a sanction for failure to prosecute is not favored. But if it is justified on any facts, it is justified on these. *See Jackson v. U.S. Bankruptcy Court*, C.A. No. 09-3186, 2009 WL 3518156, at *3 (3d Cir. Oct. 30, 2009) ("Jackson's disappearance effectively made it impossible for the District Court to proceed with his case. Thus, dismissal is appropriate without strict adherence to *Poulis*." (citation omitted)) (NOT PRECEDENTIAL).

Alternatively, the Court notes that the *Poulis* test is not easily applied here as no complaint or complaint-like documents appear on this Court's docket. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984). Thus the Court is not positioned in

any way to evaluate the merits of Appellant's legal arguments. Indeed, that is precisely the problem: the Appellant has made *no* legal arguments. As to the remaining five *Poulis* factors, the Court notes that Appellant has a history of dilatoriness. Appellant is acting *pro se* and is, therefore, personally responsible for making timely and adequate filings in this case, but has made none. The remaining *Poulis* factors – prejudice, bad faith, and alternative sanctions – appear to be neutral or lean slightly against the Appellant. If *Poulis* applies on these facts, it supports dismissal.

For the reasons elaborated above,

The Court will dismiss the appeal in a separate order filed contemporaneously with this opinion.

William J. Martini, U.S.D.J.